**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shafii A. SHAIBU and Edward Omiunu,
Defendants–Appellants.**

Nos. 90–30220, 90–30253.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 1991 *.

Decided Feb. 20, 1992.

Robert H. Gombiner, Nance, Iaria & Gombiner, Seattle, Wash., for Shafii A. Shaibu, defendant-appellant.

Brian Reed Phillips, Everett, Wash., for Edward Omiunu, defendant-appellant.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Helen J. Brunner, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before D.W. NELSON, NOONAN and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Co-defendants Shafii A. Shaibu and Edward Omiunu challenge the denial of their motions for a judicial recommendation against deportation (JRAD) following their convictions. We hold the denial of the JRAD to be an appealable order, and affirm the district court's decision as to the merits of the appeal in a separate memorandum disposition.[1]

FACTS AND PROCEEDINGS BELOW

On January 22, 1990, following a guilty plea, Shaibu and Omiunu were convicted of conspiracy to commit a number of offenses including credit card fraud, bank fraud, mail fraud, and the use of false social security numbers, in violation of 18 U.S.C. § 371. They were both sentenced to an eighteen-month term of confinement, and each filed a timely motion for entry of a JRAD.

*Shaibu*

Shaibu is a native of Nigeria who entered the United States in 1981, possibly illegally. He is married to a United States citizen, and has a daughter born in 1990. An earlier conviction for bank fraud was overturned on appeal to this court on the basis of a warrantless seizure of evidence upon which conviction was based. *United States v. Shaibu,* 920 F.2d 1423 (9th Cir. 1990). Therefore, Shaibu has no record of felony convictions prior to the present federal offense.

1. Shaibu also appeals his sentence. We affirm in a separate memorandum disposition.

Shaibu's motion for JRAD was denied on July 11, 1990. On August 9, 1990, he filed a pro se "Petition for Mandamus Review."

### Omiunu

Omiunu is a citizen of either Nigeria or Ghana (his story changes), who entered the United States illegally from Canada in 1982. In addition to the present conviction, he was convicted and incarcerated in 1983 for first and second degree theft in the state of Washington. He was on parole for the state conviction at the time of the present federal offense.

Omiunu is currently subject to a deportation order based on factors other than the present federal conviction. His appeal of the deportation order is pending in this court, but has not yet been decided. *See Victor Usuwa (aka Edward Omiunu) v. Immigration and Naturalization Service,* No. 90–70417.

## DISCUSSION

Shaibu and Omiunu are subject to future deportation pursuant to 8 U.S.C. § 1251(a)(4) (1982), which provides for deportation of any alien who is convicted of a crime of moral turpitude within five years of entry or two crimes involving moral turpitude which do not arise out of a single scheme of criminal misconduct.[2] In the case of Shaibu, the present conviction, which occurred more than five years after the date of his entry, can be used for a future determination of deportability under § 1251(a)(4) should he commit a second crime. In the case of Omiunu, the present conviction constitutes the second crime under § 1251(a)(4), and could lead to deportation under that statute without further criminal conduct on his part.

However, under 8 U.S.C. § 1251(b),[3] a sentencing judge can countermand § 1251(a)(4) by making a judicial recommendation against deportation (JRAD) at the time of sentencing or within thirty days thereafter. In the present case, the district court declined to make such a recommendation. Shaibu and Omiunu appeal that decision.

At issue is the basis of this court's jurisdiction over an appeal of a JRAD motion.[4]

■ Federal appellate jurisdiction is generally governed by 28 U.S.C. § 1291 (the final-judgment rule) which provides for appeal only from final decisions of the district courts.[5] The purpose of the finality requirement " 'is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.' " *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (quoting *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)).

■ In the present case, the JRAD motions were made after final judgment, i.e., following entry of the judgment of conviction. Under these circumstances, there are three possible ways that a JRAD denial could be appealable: (1) as an integral part

2. Any alien in the United States shall be deported who:

    (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefore and regardless of whether the convictions were in a single trial.

  8 U.S.C. § 1251(a)(4).

3. 8 U.S.C. § 1251(b) provides:

    [I]f the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

4. The Tenth Circuit, in *United States v. Quintana,* 914 F.2d 1409 (10th Cir.1990), considered the merits of a JRAD appeal without a discussion of jurisdiction.

5. 28 U.S.C. § 1292 provides for certain interlocutory appeals not relevant to the facts of the present case.

of the sentence even though the timing of the entry of conviction and the JRAD motion was not concurrent, *see Janvier v. United States,* 793 F.2d 449, 452–54 (2nd Cir.1986); (2) as an independent final order involving two "final" decisions in the same case, *see* 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3916 (1992), at 351; or, (3) as a collateral interlocutory order subject to review under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, ·93 L.Ed. 1528 (1949), if the JRAD denial is viewed as the first step in the deportation process rather than a part of the sentencing process. We hold that denial of a JRAD motion is reviewable as an integral part of the sentence.

The Second Circuit concluded that 8 U.S.C. § 1251(b) is an integral part of the sentencing process in *Janvier v. United States,* 793 F.2d 449, 452–54 (2d Cir.1986). Although the *Janvier* decision dealt with a sixth amendment right to counsel issue which we do not decide today,[6] we adopt the reasoning and analysis of the Second Circuit as to the nexus between a JRAD and the sentencing process.

In considering the terms of the statute, the *Janvier* court found three indicators that Congress intended § 1251(b) to come within the ambit of the sentencing process. First, only the sentencing judge has the authority to make a JRAD recommendation, demonstrating a close relationship between the sentencing process and the JRAD process. Second, a JRAD recommendation is binding upon the Attorney General, making it analogous to the imposition of a binding penalty in sentencing. And, third, the JRAD recommendation must be made within thirty days after the first imposition of sentence. Such a modest period of time so strictly linked to the date of sentence further indicates Congress' intent for the recommendation to be

part of the sentencing process. *Id.* at 452–53.

The reasoning of the court in *Janvier* is persuasive. Since the right to request a JRAD is triggered by the conviction, and must be presented to and acted upon by the sentencing court within a short time of the imposition of sentence, and is binding upon the Attorney General, the JRAD proceeding is a part of the sentencing process.

In conclusion, we hold that a district court's ruling on a JRAD motion is a final appealable decision because it is an integral part of the sentencing process. We need not consider, therefore, either the "independent final decision" or "collateral order" rationales for appellate jurisdiction. AFFIRMED.

---

6. *But cf. Santos v. Kolb,* 880 F.2d 941, 944 (7th Cir.1989) (failure to advise client of immigration consequences of conviction was not ineffective assistance of counsel), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990).