UNITED STATES of America,
Plaintiff–Appellee,

v.

Mario CARRILLO–HERNANDEZ,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Raquel VALENCIA–VARGAS,
Defendant–Appellant.

Nos. 91–50213, 91–50216.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1992.

Decided May 12, 1992.

Shawn M. Hays, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant Valencia–Vargas.

Mahir T. Sherif, San Diego, Cal., for defendant-appellant Carrillo–Hernandez.

L.J. O'Neale, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before: BOOCHEVER, NORRIS, and NOONAN, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

U.S. Customs officials stopped Carrillo–Hernandez and Valencia–Vargas at the San Ysidro border checkpoint as they were leaving the United States for Mexico. Hernandez and Vargas were asked whether they were carrying money in excess of ten thousand dollars. They both responded in the negative. After further questioning, Hernandez produced Mexican pesos in excess of 31,000 United States dollars.

Hernandez and Vargas were charged with making a false statement to a federal officer, in violation of 18 U.S.C. § 1001, knowingly transporting money in excess of $10,000 without making a report, in violation of 31 U.S.C. § 5316, and structuring financial transactions for purposes of evading reporting requirements, in violation of 31 U.S.C. § 5324(3). At trial, Hernandez and Vargas were both convicted of the first charge and acquitted of the second charge. The government dismissed the third charge with prejudice after the jury failed to reach a decision on this charge.

At sentencing, the district court determined that Guidelines section 2S1.3(a)(1) was the applicable guideline. Calculating the applicable sentencing range to be 12–18 months, the court sentenced both defendants to 15 months each.

Vargas appeals both her conviction and her sentence. Hernandez appeals only his sentence. We affirm Vargas' conviction in a separate unpublished memorandum disposition. Here, we consider both appellants' challenges to their sentences.

At sentencing, the district court was first confronted with the task of determining the applicable guideline section before calculating the base offense level. As instructed by U.S.S.G. § 1B1.1(a), the district court looked to the Statutory Index to the Guidelines. *See* U.S.S.G. Appendix A. Because appellants were convicted under 18 U.S.C. § 1001 and because the Statutory Index points to U.S.S.G. § 2F1.1 as the applicable guideline for convictions under 18 U.S.C. § 1001, the district court turned to that guideline.

The district court correctly concluded, however, that U.S.S.G. § 2F1.1, which deals with offenses involving fraud and deceit, is inapplicable. In so doing, the district court relied on Application Note 13 to U.S.S.G. § 2F1.1, which states:

Sometimes, offenses involving fraudulent statements are prosecuted under 18 U.S.C. § 1001, or a similarly general statute, although the offense is also covered by a more specific statute. Examples include false entries regarding currency transactions, for which § 2S1.3 would be more apt, and false statements to a customs officer, for which § 2T3.1 likely would be more apt.

The court then decided that the offense here is best characterized as the making of false entries regarding currency transactions. Relying on Application Note 13, the district court determined that U.S.S.G. § 2S1.3 is the appropriate guideline. The district court's interpretation of a Guidelines provision is subject to de novo review. *United States v. Hill*, 915 F.2d 502, 504–05 (9th Cir.1990).

■ Appellants argue that the district court erred in sentencing them under U.S.S.G. § 2S1.3. We agree with appellants that the district court erred in relying on Application Note 13 to look to U.S.S.G. § 2S1.3 as the appropriate guideline. Application Note 13 points to U.S.S.G. § 2S1.3 for 18 U.S.C. § 1001 convictions for false statements that are best characterized as "false entries regarding currency transactions." Appellants, however, did not make any false *entries*. They merely made false *statements* to a customs official. Indeed, the count of conviction states, in pertinent part: "[D]efendants ... knowingly and willfully made false ... statements ... in a matter within the jurisdiction of ... the United States Customs Service." Application Note 13 unequivocally points to U.S.S.G. § 2T3.1 as the "more apt" guideline for "false statements to a customs official." Accordingly, appellants should have been sentenced under section 2T3.1, rather than under section 2S1.3.

■ The government argues that U.S.S.G. § 2T3.1 is inapposite first because

**1318**

the Introductory Commentary to section 2T3.1 states that the guideline is "primarily aimed at revenue collection and trade regulation" and second because the guideline is entitled "evading import duties or restrictions." The government notes that this case does not involve a violation of a law aimed at revenue collection or an evasion of import restrictions. We reject the government's argument. The Introductory Commentary to section 2T3.1 does not foreclose the application of that guideline to this case. First, the regulation of currency exports can be viewed as "trade regulation" within the meaning of the Introductory Commentary. Second, the Introductory Commentary says the guideline is "primarily" aimed at revenue collection or trade regulation, not "exclusively." Neither does the title of the guideline foreclose the application of the guideline to this case. When there is no guideline directly on point, the Guidelines require that a court look to the most analogous guideline. *See* U.S.S.G. § 2X5.1. Here, the offense most analogous to making false statements to a customs agent in the course of evading *export* restrictions is the making of false statements to a customs agent in the course of evading *import* restrictions.

Because we conclude that district court erred in sentencing defendants under U.S.S.G. § 2S1.3, we VACATE the sentences and REMAND for resentencing under U.S.S.G. § 2T3.1.