988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Wayne ROWEN, Defendant-Appellant.
 No. 91-10588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-90-00470-RCB; Robert C. Broomfield, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Rowen appeals from his sentence, imposed following a guilty plea, for using and carrying firearms during and in relation to a drug crime in violation of 18 U.S.C. § 924(c). Rowen contends that the district court erred by imposing a fine as part of his sentence, imposing restrictions on his right to association as a condition of his supervised release, and failing to recommend that he be confined in a prison facility near his family. The United States contends that Rowen has waived his right to appeal any of these issues. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Appeal of Sentence
 
 3
 We review de novo whether an appellant has waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 4
 "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." Id. at 840. We will not enforce such a waiver where the sentence is not imposed in accordance with the plea agreement. Id.; see United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). Nevertheless, an alleged misapplication of the Sentencing Guidelines will not by itself invalidate a waiver of the right to appeal a Guidelines sentence. Bolinger, 940 F.2d at 480.
 
 
 5
 The felony offense of using a firearm during or in relation to another felony carries a fixed statutory term. See 18 U.S.C. § 924(c). In promulgating guidelines for this offense, the Sentencing Commission did not set a base offense level and "has not established a fine guideline range for the unusual case in which there is no conviction for the underlying offense, although a fine is authorized under 18 U.S.C. § 3571." U.S.S.G. § 2K2.4 and comment. (n. 4). Where no guideline or analogous guideline covers a particular felony, the Guidelines direct the district court to fashion a sentence in accordance with 18 U.S.C. § 3553(b). U.S.S.G. § 2X5.1 and comment. (backg'd).; see United States v. Carrillo-Hernandez, 963 F.2d 1316, 1318 (9th Cir.1992) (applying analogous guideline in the absence of directly applicable one).
 
 
 6
 Here, Rowen entered into a plea agreement and expressly waived "any right to raise and/or appeal ... any and all motions, defenses, ... and objections which defendant has asserted or could assert ... to the court's imposition of judgment against defendant and imposition of sentence upon defendant consistent with this agreement." The agreement also acknowledged that the district court could order Rowen to pay a fine as part of his sentence. At sentencing, the district court noted the lack of a fine guideline for the offense and imposed a fine of $5,000.
 
 
 7
 Rowen contends that he should not be held to his appeal waiver because the district court exceeded its authority by imposing any fine. He argues that because the Sentencing Commission expressly declined to establish a guideline for the fine to be imposed for a conviction under 18 U.S.C. § 924(c), no fine is authorized at all. Nevertheless, the nonexistence of a guideline does not remove the district court's authority to impose sentence in accordance with underlying statutes.[1] See U.S.S.G. § 2X5.1 and comment. Accordingly, the district court retained discretion to impose a fine up to the $250,000 maximum authorized by 18 U.S.C. § 3571(b)(4).
 
 
 8
 Because Rowen's sentence falls within the terms of his negotiated agreement, he may not appeal from it. See Bolinger, 940 F.2d at 840. Accordingly, we do not reach the merits of any alleged sentencing errors.[2]
 
 B. Conditions of Release
 
 9
 Rowen argues that the conditions of his supervised release violate his rights under the first amendment. A sentencing judge has broad discretion in setting conditions of supervised release and may restrict fundamental rights as long as the restriction is reasonably related to rehabilitation of the defendant or protection of the public. Bolinger, 940 F.2d at 480 (upholding condition that defendant not associate with motorcycle clubs).
 
 
 10
 Here, the judgment included a term of 36 months supervised release following Rowen's release from incarceration. As a condition of release, he is forbidden to join or associate with members of motorcycle clubs.[3] Rowen does not contend that the restriction would not meet the purposes of rehabilitation or protection, but argues only that the restriction is unconstitutional. He is wrong. The restriction is within the district court's discretion. See Bolinger, 940 F.2d at 480.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Indeed, the Sentencing Commission lacks authority to eliminate the availability of a fine or any other penalty authorized by statute. See 28 U.S.C. § 944(b)(1) ("[t]he Commission ... shall, for each category of offense ... establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code"); see, e.g., United States v. Wills, 881 F.2d 823, 826-27 (9th Cir.1989) (Guidelines cannot contradict statute authorizing concurrent or consecutive sentences)
 
 
 [2]
 Rowen argues that the district court's failure to make a nonbinding recommendation that he be incarcerated near his family is appealable, notwithstanding the waiver, because a recommendation is not part of the judgment. Even assuming that 18 U.S.C. § 3621(b)(4), which authorizes the district court to make recommendations to the Bureau of Prisons, establishes a due process right from which a defendant can appeal, we fail to see how the district court's decision could be appealable other than as part of the final judgment. Cf. United States v. Shaibu, 957 F.2d 662, 663-64 (9th Cir.1992) (holding that denial of motion for judicial recommendation against deportation is appealable as part of a final judgment of sentence)
 
 
 [3]
 During his period of supervision, Rowen may "not associate with current or past members of the Dirty Dozen Motorcycle Club" and may "not become a member of or associate with a member or associate of a motorcycle club or organization."
 
 
 [4]
 In his opening brief, Rowen makes the rather novel argument that even though he should not be bound by his waiver of the right to appeal, the agreement should be construed so as to preclude the government from defending against his appeal because it did not specifically reserve the right to do so. To the extent that this argument can be construed as a motion to strike the appellee's brief, it is denied