993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raquel VALENCIA-VARGAS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario CARRILLO-HERNANDEZ, Defendant-Appellant.
 Nos. 92-50583, 92-50649.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.*
Decided May 6, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 When a case involves circumstances that weren't adequately considered by the Sentencing Commission, the district court may depart from the Guidelines. U.S.S.G. § 5K2.0 (p.s.); United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). Here, the entire offense--lying to a customs officer about the amount of money one is taking out of the country--wasn't considered by the Commission. United States v. Carrillo-Hernandez, 963 F.2d 1316, 1318 (9th Cir.1992). In the prior appeal, we held the district court should apply section 2T3.1 (evading import duties or restrictions), because that was the section pertaining to the offense most analogous to the defendants' offense. 963 F.2d at 1318; see U.S.S.G. § 2X5.1. But "most analogous" doesn't mean "perfectly analogous": The district court was justified in considering the differences between the defendants' offense and the offense of evading import duties, and departing accordingly.
 
 
 3
 Nor was the district court's departure unreasonable. See Lira-Barraza, 941 F.2d at 751. The district court departed upward from level 6 to level 9 because of the magnitude of the sum the defendants lied about. Level 6 under section 2T3.1 corresponds to evading import duties and causing a tax loss of between $1000 and $2000; level 9 corresponds to causing a loss of between $10,000 and $20,000. Reasonable minds may disagree about how grave defendants' conduct was, but the analogy the district court drew here wasn't unreasonable.
 
 
 4
 The court also didn't err in finding that defendants had illegally structured financial transactions. Carrillo-Hernandez ER 14. Though the structuring count of the indictment was dismissed by the government, the district court wasn't foreclosed from finding that defendants had indeed been involved in illegal structuring. United States v. Fine, 975 F.2d 596, 599-600 (9th Cir.1992) (en banc) (conduct in dismissed counts may be considered at sentencing). United States v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir.1990), holds only that the district court may not consider charges that were dismissed as part of a plea bargain; it says nothing about charges dismissed voluntarily by the prosecution.
 
 
 5
 Nor was there anything wrong in the Presentence Report's reference to the newly promulgated section 2S1.4 in deciding to depart, Valencia-Vargas ER 49. Indeed, 2S1.4 deals with conduct--failing to file a Currency and Monetary Instrument Report--of which defendants were acquitted. But in adopting the Presentence Report, the district court wasn't relying on a finding that defendants did indeed fail to file a CMIR; it was only holding that the conduct of which defendants were convicted was close enough to failure to file a CMIR that 2S1.4 was a useful analogy.
 
 
 6
 Finally, we're untroubled by the fact that the district court didn't find grounds for upward departure at the first sentencing hearing, but found such grounds at the second. The district court was applying different guidelines at the two hearings, and could legitimately conclude it was improper to depart from one guideline but proper to depart from the other.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R.36-3