29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie C. PIRTLE, Defendant-Appellant.
 No. 93-30376.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided July 15, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On July 6, 1993, Lonnie Pirtle pled guilty to the making of a false statement of material fact in connection with the purchase of a firearm, in violation of 18 U.S.C. Sec. 922(a)(6). Pirtle now appeals his sentence, arguing that the district court erred in (1) applying U.S.S.G. Sec. 2K2.1(a)(6) (regarding firearms) rather than Sec. 2F1.1 (regarding fraud) in calculating Pirtle's base offense level; (2) refusing to grant Pirtle a reduction for possession of the firearm solely for sporting purposes pursuant to U.S.S.G. Sec. 2K2.1(b)(2); and (3) including an allegedly uncounselled conviction in determining Pirtle's criminal history category. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 3
 As a general rule, the sentencing court is required to use the guideline section most applicable to the offense of conviction. U.S.S.G. Sec. 1B1.1 application note 1 (Nov. 1, 1993); cf. United States v. Carillo-Hernandez, 963 F.2d 1316, 1318 (9th Cir.1992) (court first looks to sentencing guideline directly on point, then to the most analogous guideline). Here, Sentencing Guideline Sec. 2K2.1(a)(6) is on point and was properly applied by the district court. Pirtle's argument that the district court should have applied Sentencing Guideline Sec. 2F1.1 (offenses involving fraud or deceit) is specifically rejected by Sec. 2K2.1 application note 13[1] and Sec. 2F1.1 application note 13.[2]
 
 II.
 
 4
 Pirtle next argues that the district court erred in refusing to grant him a reduction for possession of the firearm solely for sporting purposes pursuant to U.S.S.G. Sec. 2K2.1(b)(2). We have held that the party seeking to adjust the defendant's offense level under the sentencing guidelines has the burden of proof by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085 (9th Cir.1990); see also United States v. Shell, 972 F.2d 548 (5th Cir.1992) (felon claiming reduction for the possession of a firearm solely for lawful sporting purposes has burden of proof by a preponderance).
 
 
 5
 Lonnie Pirtle's brother, Clyde Pirtle, testified before the district court that Lonnie bought the S-K-S assault rifle for target shooting and to protect the brothers from wildlife while they worked an old abandoned mine in the backcountry. ER Tab 11 at 39-40. In addition, Roger Fewins, the gunsmith who sold Lonnie the rifle, testified that the typical uses of the S-K-S assault rifle were target shooting and hunting. ER Tab 10 at 12.
 
 
 6
 Nevertheless, the guideline requires that the sole intended use be for lawful sporting purposes. The district court found that Pirtle "did not possess the firearm solely for sporting purposes at all times during the possession," because
 
 
 7
 [p]rior to the time of its seizure, Defendant possessed the firearm in part for the purposes of robbing a tavern in Deer Lodge, Montana. The firearm was a semi-automatic rifle, suited for the type of "rear-guard" action which witnesses testified was to be Defendant's role in the robbery. In addition, when seized, the firearm was loaded and had a bayonet fixed.
 
 
 8
 ER Tab 5 at 3. We hold that the district court's factual findings are substantially supported by the record and are not clearly erroneous. See United States v. Shell, 972 F.2d at 549-50 (fact that weapon was loaded when discovered in apartment, combined with defendant's criminal history and nature of weapon, made it unlikely that weapon was acquired solely for lawful sporting purpose).
 
 III.
 
 9
 Finally, Pirtle argues that the district court erred by including an allegedly uncounselled conviction in determining his criminal history category. Once the government shows that the defendant was previously convicted, the defendant has the burden of establishing the constitutional invalidity of the prior conviction. United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991).
 
 
 10
 Here, the government presented evidence that Pirtle had been validly convicted of assault in New York state court on February 19, 1992. ER Tab 10 at 17; Tab 11 at 52-53. The district court rejected as incredible Pirtle's self-serving statements to the effect that he never validly waived his constitutional right to counsel. ER Tab 5 at 3; Tab 10 at 16-17. We hold that the district court did not err in finding that Pirtle did not sustain his burden of proof on this issue.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Application note 13 provides that
 if a record-keeping offense was committed to conceal a substantive firearms or ammunition offense, the offense level is increased to the offense level for the substantive firearms offense (e.g., if the defendant falsifies a record to conceal the sale of a firearm to a prohibited person, the offense level is increased to the offense level applicable to the sale of a firearm to a prohibited person).
 U.S.S.G. Sec. 2K2.1 application note 13 (Nov. 1, 1993).
 
 
 [2]
 "Where the indictment ... establishes an offense more aptly covered by another guideline, apply that guideline rather than Sec. 2F1.1." USSG Sec. 2F1.1 application note 13 (Nov. 1, 1993)