35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raquel VALENCIA-VARGAS, Defendant-Appellant.
 No. 94-55326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raquel Valencia-Vargas appeals the district court's denial of her motion made under 18 U.S.C. Sec. 3582(c), or in the alternative under 28 U.S.C. Sec. 2255, for modification of her sentence because of a favorable post-sentencing amendment to the United States Sentencing Guidelines. Valencia-Vargas contends the district court erred by declining to reduce her sentence following the effective date of Amendment 490 to the Guidelines. She also argues that a subsequent decision of this court invalidated the basis for the district court's upward departure in the instant case. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255, and affirm.
 
 
 3
 Valencia-Vargas and codefendant Mario Carrillo-Hernandez lied to a United States Customs official at a border crossing point on their way into Mexico from the United States, claiming that they were carrying less than $10,000 in currency when in fact they were in possession of Mexican pesos worth in excess of $31,000. The pair were caught and convicted of making a false statement to a federal officer in violation of 18 U.S.C. Sec. 1001.
 
 
 4
 This is Valencia-Vargas' third appeal of a sentencing issue in the instant case. At Valencia-Vargas' initial sentencing, the district court concluded that U.S.S.G. Sec. 2S1.3 (1992) was the appropriate Guideline under which to calculate Valencia-Vargas' offense level, calculated a sentencing range of 12-18 months, and imposed a 15-month sentence. Valencia-Vargas appealed. On appeal, we held that the appropriate Guideline for the instant offense was U.S.S.G. 2T3.1 (1992), a Guideline dealing with smuggling and the tax losses sustained as a result of that smuggling, and vacated Valencia-Vargas' sentence and remanded for resentencing. See United States v. Carrillo-Hernandez, 963 F.2d 1316 (9th Cir.1992).
 
 
 5
 At resentencing, the district court applied section 2T3.1. However, because there was no tax loss resulting from Valencia-Vargas' actions, the district court determined that a departure was appropriate. The district court guided its departure by analogy to U.S.S.G. Sec. 2S1.4 (1992), which applies to the failure to file a currency and monetary instrument report. Using this analogy, the district court calculated an analogous base offense level of 9 with a sentencing range of 4-10 months, and imposed a 10-month sentence. Valencia-Vargas again appealed. On appeal, we held that the district court properly departed by analogy to section 2S1.4 and affirmed the sentence imposed. See United States v. Valencia-Vargas, Nos. 92-50583, 92-50649, unpublished memorandum disposition (9th Cir. May 6, 1993), cert. denied, 114 S.Ct. 275 (1993).
 
 
 6
 Section 2S1.4 was deleted effective November 1, 1993 by consolidation with section 2S1.3 (1993). U.S.S.G. App. C, amend. 490. Relying on this change in the Guidelines, Valencia-Vargas filed a motion under 18 U.S.C. Sec. 3582 and 28 U.S.C. Sec. 2255 seeking to have the district court reduce her sentence. The district court denied the motion and this appeal followed.
 
 
 7
 Under section 3582, a defendant may request that the district court modify a term of imprisonment which is based upon a "sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. Sec. 3582(c)(2); see also U.S.S.G. Sec. 1B1.10 (defendant may apply for reduction in sentence when one of enumerated retroactive amendments has reduced the applicable Guideline sentencing range, and listing Amendment 490 as retroactive); United States v. Wales, 977 F.2d 1323, 1328 n. 3 (9th Cir.1992).
 
 
 8
 Valencia-Vargas argues that Amendment 490 results in a lower applicable sentencing range and she was therefore entitled to a reduction in her sentence. Valencia-Vargas' argument, however, is fatally flawed because application of the changes mandated by Amendment 490 actually increases the offense level, and thus the sentencing range, applicable to her under the district court's departure analogy.
 
 
 9
 As noted above, the district court departed upward from applicable Guidelines section 2T3.1 (1992) by analogy to section 2S1.4 (1992). The result was an analogous offense level of 9 and an analogous sentencing range of 4-10 months. Following the effective date of Amendment 490, section 2S1.4 (1992) was consolidated with section 2S1.3 (1992) in a revised section 2S1.3 (1993).
 
 
 10
 Under this new version of section 2S1.3 (1993), a defendant's base offense level starts at 6 and is adjusted by reference to the a table located in U.S.S.G. Sec. 2F1.1. The table in section 2F1.1 directs that 4 levels be added to a defendant's offense level when the amount in question is between $20,000 and $40,000. In Valencia-Vargas' case, the amount in question was approximately $31,000. See Carrillo-Hernandez, 963 F.2d at 1317. Thus, Valencia-Vargas' base offense level under section 2S1.3 (1993) would be 10, and her sentencing range would be 6-12 months. See U.S.S.G. Sec. 5A.
 
 
 11
 Valencia-Vargas claims that the district court's finding that there was no tax loss under section 2T3.1 means that adjustment of the analogous base offense level under section 2S1.3 (1993) by reference to the table in section 2F1.1 would be inappropriate, presumably because 2F1.1 addresses "loss" resulting from a defendant's fraudulent activity. This argument is meritless. On its face, section 2S1.3 (1993) does not require any "loss" at all. This section simply sets the base offense level at "6 plus the number of offense levels from the table in Sec. 2F1.1 (Fraud and Deceit) corresponding to the value of the funds." U.S.S.G. Sec. 2S1.3 (1993). That there was no tax loss as defined under section 2T3.1 is irrelevant to the determination of the amount of funds involved in the offense under section 2S1.3 (1993).
 
 
 12
 Because Amendment 490 actually raised the applicable analogous sentencing range, Valencia-Vargas was ineligible for any modification of sentence which might have been permitted under section 3582(c)(2) and section 1B1.10 of the Guidelines. See 18 U.S.C. Sec. 3582(c)(2); U.S.S.G. Sec. 1B1.10. Accordingly, the district court did not err by denying Valencia-Vargas' request for modification of sentence.[1]
 
 
 13
 We also find unpersuasive Valencia-Vargas' argument that our decision in United States v. Mendoza-Fernandez, 4 F.3d 815 (9th Cir.1993), provides a basis for resentencing in the instant case. In Mendoza-Fernandez, we held that a district court erred when it applied section 2S1.4 (1992) to calculate the offense level of a defendant convicted of the same activity for which Valencia-Vargas was convicted. Citing Carrillo-Hernandez, we stated that section 2T3.1 was the applicable Guidelines section in such cases. Id. at 818. Mendoza-Fernandez in no way stands for the proposition that section 2S1.4 (1992) could not properly serve as a guide for establishing an analogous offense level when a district court found it appropriate to depart from the offense level established by application of section 2T3.1.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that Amendment 490 does not result in an advantageous change to Valencia-Vargas' analogous sentencing range, we need not address whether the procedure created under 18 U.S.C. 3582(c)(2) and U.S.S.G. Sec. 1B1.10(a) for requesting sentence modification is applicable in cases where a subsequent amendment to the Guidelines affects the Guideline provision which the sentencing court uses as an analogy to guide its departure from the properly calculated sentencing range. We also decline to decide whether a district court's discretionary decision not to modify a sentence under section 3582(c) is subject to review on appeal. See Federal Ins. Co. v. Scarsella Bros., 931 F.2d 599, 602 (9th Cir.1991) (foregoing analysis of novel question of jurisdiction where merits of claim were easily resolved)